IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRED GONZALES,<br><br>Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER<br><br>Case No. 2:13-cv-654 BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff Fred Gonzales seeks review of the denial of his claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.[1] After careful consideration of the record and the briefs, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.[2] For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge (ALJ).[3]

## BACKGROUND[4]

Mr. Gonzales applied for SSI and DIB alleging a disability onset date of May 13, 2008.[5] Initially Plaintiff claimed he was disabled by liver disease and a learning disability.[6] Subsequently Mr. Gonzales claimed disability due to back problems, hepatitis B and hepatitis C, fatigue, depression, antisocial personality disorder, learning problems with borderline intellectual

---

[1] Opening brief p. 2, docket no. 18.

[2] *See* Scheduling Order, docket no. 17 (noting that [o]ral argument will not be heard unless requested at the time of [the] filing first briefs by either party and upon good cause shown").

[3] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart,* 331 F.3d 758, 759 (10th Cir. 2003).

[4] The parties fully set forth the background of this case, including the medical history, in their memoranda. The Court does not repeat this background in full detail.

[5] This date was amended from Mr. Gonzales prior date of January 1, 2003.

[6] Tr. 276. Tr refers to the record before the Court.

functioning, and substance abuse.[7]  His application was denied initially and upon

reconsideration.  Mr. Gonzales then sought a hearing before an ALJ, which was held on July 15,

2011.  Both Mr. Gonzales and a vocational expert (VE) testified at the hearing.  The ALJ issued

a decision on August 2, 2011, finding Mr. Gonzales not disabled.[8]  The Appeals Council denied

Plaintiff's request for review on June 26, 2013.[9]  This appeal then followed.

At the hearing Plaintiff testified that he had "pretty bad arthritis" in his knees and lower

back pain.[10]  He testified that he could stand for two to three hours before needing to sit down 15

to 20 minutes.  Plaintiff stated that he became sidetracked easily, had difficulty sitting in one spot

and had trouble paying attention.[11]  He did testify, however, that he could follow short

instructions.

A VE also testified at the hearing.  In response to the ALJ's hypothetical, the VE testified

that an individual could not perform Plaintiff's past work as an auto painter and an auto painter

preparer or helper.  But, such an individual could perform other work as a laundry aide, routing

clerk and housekeeper cleaner.[12]

In his decision the ALJ followed the standard sequential five-step evaluation process for

determining whether an individual is disabled.[13]  At step two the ALJ found Mr. Gonzales had

the severe impairments of Hepatitis B and C; borderline intellectual function; and personality

disorder with antisocial features.[14]  The ALJ further found that Plaintiff's history of drug use was

not material and did not impair his ability to work.  Next, the ALJ found that Plaintiff does not

have an impairment or combination of impairments that met a listing.  The ALJ also found that

---

[7] Tr. 314.
[8] Tr. 83.
[9] Tr. 3.
[10] Tr. 96, 98.
[11] Tr. 95, 97.
[12] Tr. 107.
[13] *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (summarizing five step process).
[14] Tr. 74.

Mr. Gonzales had moderate difficulties with respect to social functioning and mild difficulties in regard to concentration and persistence or pace.

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work limited to routine unskilled work activity that did not require detailed instructions.[15] At step four the ALJ determined that Mr. Gonzales was unable to perform any past relevant work.  The analysis then moved to step five, where the ALJ considered Mr. Gonzales' RFC and found that based upon the VE testimony and his RFC, Plaintiff could perform the jobs of laundry aid, routing clerk and housekeeper cleaner.[16]  Therefore Mr. Gonzales was not disabled.

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[17]  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18]  It requires more than a scintilla, but less than a preponderance.

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[19]  In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[20]  The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[21]  Where the evidence as a whole can support either the agency's

---

[15] Tr. 77.
[16] Tr. 82.
[17] *Madrid v. Barnhart*, 447 F.3d 788, 790 910th Cir. 2006).
[18] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).
[19] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[20] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[21] *Lax*, 489 F.3d at 1084 (citation omitted).

decision or an award of benefits, the agency's decision must be affirmed.[22]  Further, the Court

"may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the

Court would justifiably have made a different choice had the matter been before it de novo.'"[23]

ANALYSIS

In this appeal Mr. Gonzales alleges three issues: (1) did the ALJ err in improperly

rejecting the opinions of his treating and examining medical providers?  (2) did the ALJ err in

improperly rejecting his subjective complaints?  and (3) did the ALJ err in failing to meet the

step five burden to identify specific jobs available in significant numbers consistent with his

limitations.  As set forth below, the undersigned is not persuaded by Plaintiff's arguments and

concludes the ALJ's decision is supported by substantial evidence.

A.  **The ALJ's Rejection of the Opinions of Plaintiff's Treating and Examining**

   **Physicians**

In the 10th Circuit, "[t]he ALJ must give 'controlling weight' to the treating physician's

opinion, provided that opinion 'is well-supported…and is not inconsistent with other

substantial evidence.'"[24]  In rejecting a treating physician's opinion an ALJ must provide

specific legitimate reasons for doing so.[25]  Additionally, as with other evidentiary matters,

when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and

resolve evidentiary conflicts and inconsistencies.[26]  However, "[i]n choosing to reject [a]

treating physician's assessment, an ALJ may not make speculative inferences from medical

reports and may reject a treating physician's opinion outright only on the basis of

---

[22] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).
[23] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).
[24]  *White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)).
[25] *See Miler v. Chater*, 99 F.3d 972 (10th Cir. 1996); *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).
[26] *See e.g., Ruthledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

4

contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion."[27]

Mr. Gonzales contends the ALJ erred by improperly rejecting the opinions of his treating medical providers.[28] Specifically Plaintiff takes issue with the ALJ rejecting the opinion of Dr. Anthony Musci. In June 2011, Dr. Musci completed forms that indicated Plaintiff experienced significant mental and physical limitations.[29] Dr. Musci opined that Plaintiff's mild back pain, mild neck pain, and hepatitis would only allow him to work for four hours per day; stand for four hours at a time and up to four hours total; sit 15 minutes at a time; and lift 20 pounds.[30] Dr. Musci further diagnosed Plaintiff with mild restriction in activities of daily living, marked difficulty in maintaining social functioning, and up to marked limitations in a series of mental functions. Dr. Musci stated in his report that "I am unable to complete psychiatric component; specifically the Axis 1 diagnosis. Pt refrred to 4th Street Clinic for psychiatric resources."[31] Dr. Musci also noted that same referral for psychiatric services in the follow-up section of his report.

The ALJ considered Dr. Musci's opinions and gave them little weight for the following reasons: (1) Dr. Musci was not a mental health professional, could not diagnose Plaintiff's mental conditions and referred him to other providers for mental health care and expertise; (2) Dr. Musci's physical opinion was not consistent with his own treatment notes; and (3) his opinions were not consistent with the opinions of Dr. Woller a physician in the same practice as Dr. Musci who also treated Plaintiff.

---

[27] *Langley v Barnhart*, 373 F.3d 119, 1121 (noting that the 10th Circuit "held years ago that an ALJ's assertion that a family doctor naturally advocates his patient's care is not a good reason to reject his opinion as a treating physician.") (quoting *McGoffin v. Barnhart*, 1248 F.3d 1252, 1253 (10th Cir. 2002)).
[28] Opening brief p. 9, docket no. 18.
[29] Tr. 933-36.
[30] Tr. 935-36.
[31] Tr. 939.

Plaintiff argues the ALJ's rejection of Dr. Musci's opinion for these foregoing reasons was improper.  The ALJ failed to provide sufficiently specific reasons for rejecting the opinions; Dr. Musci was an MD and as such is "fully qualified to treat and asses both physical and mental health impairments;"[32] Dr. Woller's opinion was improperly considered by the ALJ and Dr. Musci's opinions are supported by the record.  The court is not persuaded by these arguments and based upon a review of the record and prior precedent questions their veracity and counsel's candor in offering them.[33]

First, the ALJ noted other evidence in the record that undermined Dr. Musci's opinions.  Specifically, the ALJ pointed to the opinions of Drs. Woller, Henrie, Peterson, Schreiner and Helmer.[34]  It is hard to imagine how all this evidence is somehow not specific enough under Plaintiff's suggested standard.  Next, Plaintiff offers no support for his assertion that any MD can diagnose and treat mental health impairments.  Dr. Musci specifically stated that he was unable to complete a psychiatric diagnosis and referred Mr. Gonzales for additional specialized psychiatric care.  Thus, Plaintiff's argument is pointedly undermined by Dr. Musci's own opinion and actions.  Finally, the record does not support Plaintiff's arguments that the ALJ improperly considered Dr. Woller's opinion while "rejecting the opinion outright"[35] of Dr. Musci.  The ALJ did not reject Dr. Musci's opinion outright as suggested by Plaintiff.  Rather, the ALJ stated that Dr. Musci's opinions were given "little weight" due to a myriad of reasons including inconsistencies with his own treatment notes and inconsistencies with the opinions of

---

[32] Opening brief p. 10.

[33] This court has already rejected Plaintiff's broad assertion that any doctor can be considered an expert on any condition including mental health issues.  *See Gonzales v. Asrue*, case no. 2:09-cv-573 CW, docket no. 16.  In addition the CFR explicitly states that the Social Security Administration gives "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."  20 C.F. R. § 416.927(c)(5).  It appears Plaintiff has completely ignored precedent and regulations in making these arguments.  Such actions are contrary to Federal Rule 11 and may warrant the imposition of sanctions. *See* Fed. R. Civ. P. 11(b)(2) (setting forth an attorney's responsibilities when filing pleadings with the court).

[34] Tr. 79-80.

[35] Reply p. 2.

other physicians.  In short, Plaintiff is asking the undersigned to reweigh the evidence, something

which has already been explicitly rejected.[36]

Accordingly the court finds no reason to upset the ALJ's analysis of the medical evidence

including his decision to discount the opinion of Dr. Musci.  The ALJ set forth specific,

legitimate reasons for not fully accepting Dr. Musci's opinion and these reasons are supported by

the evidence in the record.

## B.  The ALJ's Analysis of Plaintiff's Subjective Complaints

Plaintiff argues the ALJ "improperly rejected the subjective complaints of Mr.

Gonzales."[37]  In support Plaintiff cites to portions of the record that allegedly support his

subjective complaints.  Once again, however, Plaintiff's arguments are essentially an invitation

to reweigh the evidence.  In finding Plaintiff's complaints less than fully credible, the ALJ

pointed to his treatment history including the conservative treatment prescribed by physicians,

Plaintiff's lack of seeking medical treatment for certain periods and Plaintiff's failure to follow

recommended treatment. [38]  Specifically, the ALJ noted the reports of different treating providers

that observed a lack of limitations in Plaintiff.[39]  In fact some physicians opined that Plaintiff had

"no limitations."[40]

"Credibility determinations are peculiarly the province of the finder of fact, and [the

court] will not upset such determinations when supported by substantial evidence."[41]  Here, the

court finds the ALJ's credibility determinations are closely and affirmatively linked to

---

[36] *See Lax*, 489 F.3d at 1084 (noting that a court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]"); *Ellison*, 929 F.2d at 536 (providing guidance that where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed).
[37] Reply p. 3.
[38] Tr. 78-80
[39] Tr. 353, 355, 383, 454, 460, 744, 868-69, 939.
[40] Tr. 745.
[41] *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).

substantial evidence in the record.[42]  Therefore, the court declines Plaintiff's invitation to reweigh the evidence and finds that the ALJ set forth specific reasons for rejecting the complaints of Mr. Gonzales.

### C. The ALJ's Step Five Finding

Plaintiff argues that the ALJ erred in failing to meet his burden at step five to identify specific jobs available in significant numbers consistent with Plaintiff's limitations.  The court is not persuaded by this argument.  In short, the ALJ's assessment of Plaintiff's residual functional capacity is supported by the record.  The court does not find any error in the hypothetical limitations presented to the vocational expert.  Accordingly, the vocational expert's testimony that an individual with limitations—such as Plaintiffs—could perform other jobs including laundry aid, routing clerk and housekeeper cleaner[43] is supported by substantial evidence in the record.

### CONCLUSION

Based on the foregoing, the Court concludes the ALJ's decision is supported by substantial evidence in the record.  Therefore, the Court AFFIRMS the decision of the Commissioner.  The Clerk of the Court is directed to close this case.


DATED this 17 March 2015.


Brooke C. Wells
United States Magistrate Judge

---

[42] *See Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988).
[43] Tr. 82.